IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RODNEY T. RAGINS,** | |
| Plaintiff, | |
| **v.** | **JURY TRIAL DEMANDED** |
| **JLG INDUSTRIES, INC. and UNITED RENTALS (NORTH AMERICA), INC.,** | **CIVIL ACTION FILE NO. _____** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW Rodney T. Ragins, Plaintiff in this action, and files this Complaint for Damages against Defendants as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Rodney T. Ragins is a citizen and resident of the State of Georgia and resides in Macon, Twiggs County, Georgia.

2.

Defendant JLG INDUSTRIES, INC., ("JLG") is a Pennsylvania corporation with its principal place of business and offices located in a McConnellsburg, Pennsylvania.  Defendant JLG may be served as allowed by law.

1

3.

Defendant UNITED RENTALS (NORTH AMERICA), INC., ("United") is a Delaware corporation with its principal place of business and offices located in Greenwich, Connecticut.  Defendant United may be served through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, Norcross, Georgia 30092.

4.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000.  Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

**FACTUAL BACKGROUND**

5.

On September 25, 2009, in Fort Valley, Georgia, Plaintiff was working on the platform of a JLG 2646ES scissors lift (the "scissors lift").  The scissors lift upper lift cylinder pin retainer failed, causing the lift to collapse and propelling Plaintiff to the ground from the extended height of the lift.  Plaintiff sustained multiple fractures and severe head injuries.

6.

Defendant JLG INDUSTRIES, INC. manufactured the JLG 2646ES scissors lift involved in the incident-in-suit.  Defendant United maintained the scissors lift at all times relevant to this action.

7.

The purpose of the scissors lift was to lift workers so that they could perform work in high places.  The scissors lift was operated by the extension and retraction of a hydraulic cylinder that had a upper lift cylinder pin retainer.

8.

Defendants were aware that if the upper lift cylinder pin retainer loosened, it could disengage the pin keeper and allow the lift to drop suddenly and dangerously if elevated at the time of the disengagement.

9.

On September 25, 2009, while Plaintiff was using the JLG 2646ES scissors lift, the upper lift cylinder pin retainer loosened, the pin keeper disengaged and the lift dropped suddenly out from under Plaintiff.

10.

As a direct and proximate result of the fact that the scissors lift was defective in design, manufacture, and maintenance and did not contain adequate

warnings or instructions for safe use, the scissors lift caused Plaintiff to be seriously injured.

11.

The acts and omissions of Defendants as set forth herein were willful and showed an entire lack of care and a conscious indifference to the consequences, justifying an award of exemplary damages against Defendants.

## COUNT ONE
## STRICT PRODUCTS LIABILITY AGAINST JLG

12.

Plaintiff realleges and incorporates by reference paragraphs 1 through 11 above as if they were fully restated verbatim herein.

13.

Defendant JLG designed and manufactured the scissors lift involved in the incident-in-suit.

14.

Defendant JLG was engaged in the business of selling scissors lifts for use and consumption.

15.

Defendant JLG sold the scissors lift involved in the incident-in-suit.

16.

The JLG scissors lift was defective in its design and manufacture because it was not equipped with an adequate and safe upper lift cylinder pin retainer, which failed and allowed disengagement of the pin keeper causing the lift to drop suddenly; additionally the scissor lift did not contain adequate warnings or instructions for safe use.  Because of these defects, the JLG scissors lift was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product.

17.

The JLG scissors lift was defective at the time it was sold by Defendant JLG and at the time it left Defendant JLG's control.

18.

The JLG scissors lift was expected to reach the user without substantial change in the condition in which it was sold.

19.

The JLG scissors lift did reach the user without substantial change in the condition in which it was sold.

20.

Plaintiff was a person who would reasonably be expected to use or be affected by the JLG scissors lift, and Plaintiff used the scissors lift in a reasonably foreseeable fashion.

21.

As a direct and proximate result of the defects in the JLG scissors lift, Plaintiff was caused to endure pain and suffering and lost capacity to work and labor, and incur medical expenses and lost wages and benefits entitling him to an award of damages in Plaintiff's favor and against Defendant JLG for special and general damages in an amount to be determined by a jury of Plaintiff's peers.

## COUNT TWO
## NEGLIGENCE AGAINST JLG

22.

Plaintiff realleges and incorporates by reference paragraphs 1 through 21 above as if they were fully restated verbatim herein.

23.

Defendant JLG was negligent in manufacturing the JLG scissors lift in that Defendant JLG failed to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the

manner the Defendant JLG might reasonably have expected.  In particular, the scissors lift was not equipped with an adequate and functioning upper lift cylinder pin retainer to prevent disengagement of the pin keeper and prevent the lift from dropping suddenly.  Additionally, as Defendant was aware of this danger and the likelihood of the failure of the cylinder pin retainer, it was negligent in failing to communicate adequate warnings and instructions designed to prevent the kind of injuries suffered by Plaintiff.

24.

As a direct and proximate result of JLG's negligence, Plaintiff was caused to endure pain and suffering and lost capacity to work and labor and incur medical expenses and lost wages and benefits entitling him to an award of damages in Plaintiff's favor and against Defendant JLG for special and general damages in an amount to be determined by a jury of Plaintiff's peers.

**COUNT THREE**
**PUNITIVE DAMAGES AGAINST JLG**

25.

Plaintiff realleges and incorporates by reference paragraphs 1 through 24 above as if they were fully restated verbatim herein.

26.

Defendant JLG's conduct in designing and selling the scissors lift so that the upper lift cylinder pin retainer failed and allowed disengagement of the pin keeper causing the lift to drop suddenly exhibits an entire lack of care and a conscious disregard for the safety of humans who operate it.

27.

Defendant JLG was aware well before Plaintiff was injured that the upper lift cylinder pin retainer would fail and allow disengagement of the pin keeper causing the lift to drop suddenly but took no steps to redesign, recall, modify, or issue appropriate warnings exhibits an entire lack of care and a conscious disregard for the safety of humans who operate it.

28.

As a direct and proximate result of Defendant JLG's wrongful conduct, Plaintiff is entitled to judgment against Defendant JLG for exemplary damages to deter similar conduct in the future and to punish Defendant JLG for its wrongful acts, in an amount to be determined by the enlightened conscience of the finder of fact.

## COUNT FOUR
## NEGLIGENCE AGAINST UNITED

29.

Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above as if they were fully restated verbatim herein.

30.

Defendant United was negligent in maintaining the JLG scissors lift in that Defendant United failed to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner the Defendant United might reasonably have expected.  In particular, United failed to react by warning its customers, modifying the machine, or properly maintaining the scissor lift in response to notice in the industry news, and from JLG, that the upper lift cylinder pin retainer was likely to fail and allow disengagement of the pin keeper causing the lift to drop suddenly.

31.

As a direct and proximate result of Defendant United's negligence, Plaintiff was caused to endure pain and suffering and lost capacity to work and labor and incur medical expenses and lost wages and benefits entitling him to an award of damages in Plaintiff's favor and against Defendant United for special

and general damages in an amount to be determined by a jury of Plaintiff's

peers.

## COUNT FIVE
## PUNITIVE DAMAGES AGAINST UNITED

32.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 31

above as if they were fully restated verbatim herein.

33.

Defendant United was aware well before Plaintiff was injured that the

upper lift cylinder pin retainer would fail and allow disengagement of the pin

keeper causing the lift to drop suddenly but took no steps to properly inspect

and maintain, redesign, warn its customers, modify, or issue appropriate

warnings exhibits an entire lack of care and a conscious disregard for the safety

of humans who operate it.

34.

As a direct and proximate result of Defendant United's wrongful conduct,

Plaintiff is entitled to judgment against Defendant United for exemplary

damages to deter similar conduct in the future and to punish Defendant United

for its wrongful acts, in an amount to be determined by the enlightened

conscience of the finder of fact.

10

## COUNT SIX
## COMBINED AND CONCURRING CONDUCT CAUSING INJURY

35.

Plaintiff realleges and incorporates by reference paragraphs 1 through 34 above as if they were fully restated verbatim herein.

36.

The conduct of Defendant JLG and Defendant United combined and concurred to cause damages to Plaintiff.

37.

As a direct and proximate result of the combined and concurring conduct of Defendants JLG and United, they are jointly and severally liable to Plaintiff, thereby entitling Plaintiff, to an award of damages in favor of Plaintiff and against Defendants, and each of them for special and general damages, in an amount to be determined by the enlightened conscience of the finder of fact.

**WHEREFORE**, Plaintiff prays that summons issue, that Defendant be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiff be awarded judgment in Plaintiff's favor and against the Defendants, and each of them jointly and severally, as follows:

(a) Under Count One, that Plaintiff be awarded special and general damages in amounts to be determined by a jury of Plaintiff's peers against JLG;

(b) Under Count Two, that Plaintiff be awarded special and general damages in amounts to be determined by a jury of Plaintiff's peers against JLG;

(c) Under Count Three, that Plaintiff be awarded punitive damages in an amount sufficient to punish and deter JLG;

(d) Under Count Four, that that Plaintiff be awarded special and general damages in amounts to be determined by a jury of Plaintiff's peers against United;

(e) Under Count Five, that Plaintiff be awarded punitive damages in an amount sufficient to punish and deter JLG;

(f) Under Count Six, that Plaintiff be awarded special and general damages in amounts to be determined by a jury of Plaintiff's peers against JLG and United jointly and severally;

(g) That the cost of this action be levied against Defendants; and

(h) That Plaintiff be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted
WARSHAUER LAW GROUP, P.C.

By: ___/s/ Michael J. Warshauer
Michael J. Warshauer
mjw@warpoe.com
Georgia Bar No. 018720
Douglas C. Dumont
dcd@warpoe.com

Georgia Bar No. 232680
Attorneys for Plaintiff

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 fax